UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Albert Araujo

  v.                                                                                                 Case No. 23-cv-453-PB-TSM

FCI Berlin Warden

## REPORT AND RECOMMENDATION

The petitioner, Albert Araujo, has filed a petition for a writ of habeas corpus, claiming that the Federal Bureau of Prisons ("BOP") violated the First Step Act ("FSA"), by failing to credit his sentence with any time credits under the FSA. Before the court is the respondent Warden's motion for summary judgment (Doc. No. 5), to which the petitioner has not objected. For reasons stated below, the magistrate judge recommends that the district judge grant that motion for summary judgment, as the petitioner is ineligible for the application of any FSA time credits because of the nature of his conviction.

## Summary Judgment Standard

Summary judgment is appropriate in habeas proceedings when "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Bader v. Warden, No. 02-cv-508-JD, 2003 DNH 90, 2003 U.S. Dist. LEXIS 8955, at *8-9, 2003 WL 21228520, at *3 (D.N.H. May 28, 2003) (citations omitted), aff'd, 488 F.3d 483 (1st Cir. 2007).

## Background

The petitioner is serving a sentence imposed in his criminal case, United States v. Araujo, No. 21-cr-142-PB (D.N.H.). The petitioner in that case was indicted and convicted of distributing a controlled substance in violation of 21 U.S.C. § 841(b)(1)(B)(vi), an offense defined by statute as involving 40 grams or more of a mixture or substance containing a detectable amount of fentanyl. See Aug. 30, 2021 Indictment & July 15, 2022 Jt., Araujo, No. 21-cr-142-PB (D.N.H.) (ECF Nos. 11, 28); see also Doc. Nos. 5-1 to 5-5.

**Discussion**

The portion of the FSA listing the offenses that disqualify prisoners from earning FSA time credits, see 18 U.S.C. § 3632(d)(4)(D), provides, in pertinent part, that fentanyl distribution offenses under 21 U.S.C. § 841(b)(1)(B)(vi) are disqualifying. See 18 U.S.C. § 3632(d)(4)(D)(lxvi); see also 28 C.F.R. § 523.41(d)(2) ("[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits"). It is undisputed here that the petitioner was convicted of a disqualifying fentanyl offense. The respondent is entitled to judgment as a matter of law on the § 2241 petition here, as the petitioner is disqualified by law from earning any FSA time credits that could be applied to his sentence. Accordingly, the district judge should grant the respondent's motion for summary judgment (Doc. No. 5).

**Conclusion**

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 5) and direct the clerk's office to enter judgment and close the case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

December 14, 2023

cc:   Albert Araujo, pro se
      Anna Dronzek, Esq.